IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 10, 2021 Session

**JERRY LEWIS TUTTLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Maury County
No. 21695, 22091    Stella L. Hargrove, Judge**

———————————————————

**No. M2020-01636-CCA-R3-PC**

———————————————————

The petitioner, Jerry Lewis Tuttle, appeals the denial of his post-conviction petition, arguing the post-conviction court erred in finding he received the effective assistance of counsel at trial and on appeal.  After our review of the record, briefs, and applicable law, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JILL BARTEE AYERS, JJ., joined.

Brandon E. White, Columbia, Tennessee, for the appellant, Jerry Lewis Tuttle.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General, and Samantha L. Simpson, Assistant Attorney General; and Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On direct appeal, the Tennessee Supreme Court summarized the facts surrounding the petitioner's convictions in connection with a drug trafficking conspiracy, as follows:

> In 2012, the Maury County Grand Jury returned two separate indictments charging the [petitioner] with multiple offenses in connection with a drug trafficking conspiracy. The indictments were issued after officers executed a search warrant on April 24, 2012, for property located at 4571

Dugger Road, Culleoka, Tennessee, in Maury County ("4571 Dugger Road property"). The property consisted of "5.77 acres," and the [petitioner] resided in a mobile home on the property with his wife, Tammy A. Tuttle, who was the record owner of the property. The warrant authorized officers to search the [petitioner's] "single wide mobile home gray in color with an attached wood constructed covered front po[]rch" and "all outbuildings, outhouses and storage buildings, and all vehicles found thereon." Officers were authorized to seize "[m]arijuana, all equipment, devices, records, computers and computer storage discs . . . used for the purpose of producing, packaging, dispensing, delivering or obtaining controlled substances, or recording transactions involving controlled substances, [and] any indicia of ownership, dominion, or control over the premises to be searched . . . ."

When the warrant was executed, officers found, inside the residence, eight pounds of marijuana, almost a half an ounce of cocaine, and between $95,000 and $98,000 cash, in $100 and $50 bills, as well as multiple guns, a large scale capable of weighing items up to thirteen pounds, a small scale capable of weighing items up to two pounds, a money counter, a device used to grind marijuana into a powder, and a pipe and other items associated with smoking marijuana. Just outside the residence in the trunk of the [petitioner's] Honda Civic, officers located a number of additional guns and an ammunition can containing $1,000,300 cash, all in $100 bills that were issued prior to the year 2000. Officers also located marijuana plants growing in an Igloo cooler and various items of personal property, including vehicles and farming equipment, believed to be derived from the [petitioner's] involvement in drug trafficking.

The [petitioner] moved pre-trial to suppress the evidence seized during the search, arguing that the affidavit supporting the search warrant failed to establish probable cause and contained false information. The [petitioner] also moved to dismiss the forfeiture count of the indictment, arguing that the forfeiture was barred by the five-year statute of limitations and by the State's failure to comply with the forfeiture statute. After a hearing on March 19, 2013, the trial court denied the motions.

The case proceeded to trial, and the jury found the [petitioner] guilty of the following six offenses: (1) simple possession of cocaine in an amount of over .5 grams; (2) possession of marijuana in an amount of not less than one-half ounce nor more than ten pounds with intent to sell; (3) conspiracy to possess over 300 pounds of marijuana with intent to sell or deliver; (4) conspiracy to commit money laundering; (5) money laundering; and (6)

unlawful possession of a firearm with intent to go armed during the commission of or attempt to commit a dangerous felony. The day after the jury rendered its verdict, the trial court held a hearing on the forfeiture count of the indictment, Tenn. Code Ann. § 39-11-708(d) (2010), and ordered forfeiture of the cash and other personal property found during the search.

*State v. Tuttle*, 515 S.W.3d 282, 289-90 (Tenn. 2017).

On direct appeal, this Court reversed the trial court's ruling on the motion to suppress, vacated the petitioner's convictions for conspiracy to commit money laundering and conspiracy to possess over 300 pounds marijuana with intent to sell, and affirmed the trial court's order of forfeiture. *State v. Jerry Lewis Tuttle*, No. M2014-00566-CCA-R3-CD, 2015 WL 5251990, at *11-20, *29 (Tenn. Crim. App. Sept. 8, 2015) *rev'd in part by State v. Tuttle*, 515 S.W.3d 282 (Tenn. 2017). The Tennessee Supreme Court granted the State's application for permission to appeal and, following review, reversed this Court's decision holding the search warrant invalid. *Tuttle*, 515 S.W.3d at 289. Our supreme court also reinstated the trial court's judgment approving the jury's verdict in regards to the petitioner's conspiracy convictions, findings the evidence to be sufficient. *Id.* Finally, our supreme court affirmed this Court's decision, on separate grounds, upholding the trial court's judgment ordering forfeiture of the $1,098,050. *Id.*

Following his direct appeal, the petitioner filed a timely pro se petition for post-conviction relief which the post-conviction court dismissed for failure to state a colorable claim. However, this Court granted the petitioner's motion to file an amended petition through counsel. Following the appointment of counsel, the petitioner filed an amended petition for post-conviction relief arguing, in part, trial counsel was ineffective for agreeing to a stipulation regarding the petitioner's prior felony convictions; failing to request lesser-included offense jury instructions; failing to file a motion to dismiss the money laundering counts based on double jeopardy; failing to challenge the State's request to review *Jacumin*[1] for the first time in its application for permission to appeal to the Tennessee Supreme Court; and failing to challenge the possession of a firearm count because the indictment did not allege a qualifying, predicate felony. An evidentiary hearing was held on October 28, 2020, during which trial counsel testified. Although the petitioner asserted numerous claims in his petition and amended petition, we will summarize only the evidentiary hearing testimony relevant to his claims on appeal.

Trial counsel represented the petitioner at trial and on appeal. The petitioner was initially charged with being a felon in possession of a firearm, which would have required the State to prove he had a prior felony conviction. However, that charge was dismissed

---

[1] *State v. Jacumin*, 778 S.W.2d 430 (Tenn. 1989).

prior to trial, and therefore, trial counsel conceded there was no reason for the jury to learn the petitioner was a convicted felon. At some point during trial, the prosecutor approached trial counsel and asked him to stipulate to the petitioner's prior felony convictions because it was "necessary on the count for possession of a firearm during the commission of a dangerous felony." Without looking at the relevant statute or performing any research, trial counsel agreed to the stipulation, which he conceded was "a mistake." Although a written stipulation was not entered at trial, Lieutenant Doelle testified without objection that the petitioner had a prior felony conviction. While trial counsel agreed his decision not to object to Lieutenant Doelle's testimony was tactical because he had already stipulated to its admission, he stated that "stipulating to it in the first place was [not] strategic or a tactical decision, it was just a screw up." Trial counsel conceded he should have instead moved to bifurcate the possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony count from the petitioner's remaining counts.

Trial counsel did not file a motion to dismiss the money laundering count on the basis of double jeopardy. In hindsight, trial counsel could not articulate a reason why he chose not to file the motion. He agreed that the money found in the trunk of the Honda Civic was pre-2000 currency and that the petitioner had previously pled guilty to almost identical crimes in 2004. However, instead of filing a motion to dismiss on the grounds of double jeopardy, trial counsel attacked the money laundering charge via the statute of limitations and by requiring the jury to find that the money in question had been laundered on or after December 31, 2004.

The indictment in this case identified conspiracy to possess over 300 pounds of marijuana with intent to sell as the predicate felony for possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony. Trial counsel agreed that "conspiracy" is not explicitly named in the dangerous felony statute and further agreed that because the legislature specifically listed "attempt," another inchoate offense, it would imply that conspiracy does not qualify as a predicate felony. Trial counsel did not research whether the conspiracy charge was a qualifying, predicate felony because he was "taken in" by subsection (L) and that his failure to object was not a strategic decision.

Trial counsel did not request any specific jury instructions and did not object to the jury instructions during trial. When reviewing the proposed instructions, trial counsel knew the petitioner was facing significant jail time due to his prior felony convictions, regardless of whether he was convicted of the charged offenses or a lesser-included offense. Additionally, due to the petitioner's age at the time of trial, any sentence of twenty years or more would be, for all intents and purposes, a life sentence. Therefore, trial

counsel made a strategic decision to seek an acquittal on the charged counts and not to request instructions on any lesser-included offenses.

Regarding the jury instruction for possession of firearm during the commission of or attempt to commit a dangerous felony, trial counsel agreed that possessing a firearm must be done intentionally, unlike employing a firearm, which can be done intentionally, knowingly, or recklessly. The jury charge given at the petitioner's trial included the incorrect mens rea, and trial counsel conceded he "should have asked the [j]udge to change the instruction, or at least preserved it for appeal. I did none of those things."

After its review of the evidence presented, the post-conviction court denied relief, and this timely appeal followed.

*Analysis*

On appeal, the petitioner argues trial counsel was ineffective for agreeing to stipulate that he was a convicted felon; failing to file a motion to dismiss the money laundering counts based on double jeopardy; failing to challenge the money laundering count because the proof at trial did not establish the proceeds used to support this conviction were derived from sales that occurred on or after December 31, 2004; failing to challenge the possession of a firearm charge when the indictment did not allege a qualifying, predicate felony; failing to request a plethora of lesser-included offense jury instructions; failing to challenge the jury instruction for possession of a firearm with intent to go armed during the commission of or attempt to commit a dangerous felony when it provided the incorrect mens rea; and failing to challenge the State's request to review the *Jacumin* decision for the first time in its appeal to the Tennessee Supreme Court. The petitioner also argues the possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony conviction is void as the indictment fails to state a lawful accusation because conspiracy to possess over 300 pounds of marijuana with intent to sell is not a qualifying, predicate felony.

The petitioner bears the burden of proving his post-conviction factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo,* affording a

presumption of correctness only to the post-conviction court's findings of fact. *Id*.; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id*. Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*.; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

## I.     Stipulation[2]

The petitioner argues trial counsel was ineffective for agreeing to stipulate that the petitioner was a convicted felon.  Specifically, the petitioner contends it was not necessary for his status as a convicted felon to be shared with the jury, and trial counsel admitted his decision to let Lieutenant Doelle testify regarding the petitioner's felony convictions without objection was a mistake.  The petitioner also asserts trial counsel should have moved to bifurcate the possession charge from his remaining counts pursuant to *Foust*.[3] The State contends trial counsel's performance was not objectively unreasonable and bifurcation was not mandated.

At the evidentiary hearing, trial counsel testified that there was no reason for the jury to learn the petitioner was a convicted felon and that he made a mistake in agreeing to a stipulation which allowed Lieutenant Doelle to testify regarding the petitioner's status as a convicted felon.  Relying on *Foust*, trial counsel testified that he should have instead moved to bifurcate the petitioner's possession of a firearm charge from the remaining counts.

Although trial counsel testified he should have moved to bifurcate the possession count, this Court has repeatedly recognized that bifurcation is not mandated. *State v. Brian Howard*, No. W2020-00207-CCA-R3-CD, 2021 WL 144235, *3 (Tenn. Crim. App. Jan. 15, 2021), *perm. app. denied* (Tenn. May 14, 2021); *State v. Brandon Johnson*, No. W2018-01222-CCA-R3-CD, 2019 WL 6045569, at *14 (Tenn. Crim. App. Nov. 14, 2019), *perm. app. denied* (Tenn. Apr. 1, 2020).  Moreover, while trial counsel testified that he made a mistake in agreeing to the stipulation, a defendant is not entitled to perfect representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996).  Even if we were to conclude that trial counsel's representation fell below the constitutional standard, the petitioner has failed to demonstrate he was prejudiced by the alleged deficient representation.  Lieutenant Doelle's testimony regarding the petitioner's prior felony conviction consisted of a single sentence in which he confirmed the petitioner had a prior felony conviction.  The jury never heard the number or nature of the petitioner's convictions or learned they were virtually identical to the charges for which he was on trial. Accordingly, he is not entitled to relief on this issue.

---

[2] For the sake of clarity, we have reordered and renumbered the issues from the order they appeared in the petitioner's brief.

[3] *State v. Benjamin Foust*, No. E2017-02420-CCA-R3-CD, 2019 WL 3824028 (Tenn. Crim. App. Aug. 15, 2019), *no perm. app. filed.*

## II.      Double Jeopardy

The petitioner argues trial counsel was ineffective for failing to file a motion to dismiss on the grounds of double jeopardy. Specifically, the petitioner contends the State failed to present sufficient evidence that the pre-2000 currency recovered from the Honda Civic was laundered on or after December 31, 2004. The State argues the petitioner was not prosecuted for the same money laundering offense for which he previously pled guilty.

At the evidentiary hearing, trial counsel testified that, in hindsight, he should have filed a motion to dismiss based on double jeopardy because he could not think of a reason not to file one. However, at the time, he chose to attack the money laundering charge through the statute of limitations and also by requiring the jury to find that the pre-2000 currency recovered from the petitioner's property had been laundered on or after December 31, 2004.

Implicit in the post-conviction court's order denying relief is an accreditation of trial counsel's testimony, and nothing in the record preponderates against the post-conviction court's factual findings. *See Tidwell*, 922 S.W.2d at 500. Although in hindsight trial counsel conceded he should have filed a motion to dismiss based on double jeopardy, we must evaluate his conduct through his perspective at the time of trial. *See Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689). Our review of the record demonstrates trial counsel made a strategic and well-reasoned decision to attack the statute of limitations as well as to require the jury to find the money found in trunk of the Honda Civic had been laundered after December 31, 2004. The fact that a trial strategy or tactic failed or was detrimental to the defense does not, alone, support a claim for ineffective assistance of counsel. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is given to sound tactical decisions made after adequate preparation for the case. *Id.* The petitioner is not entitled to relief on this issue.

Similarly, the petitioner contends trial counsel was ineffective for failing to challenge the money laundering charge in count 3 of the indictment because the State failed to introduce proof that the currency was derived from the sale of marijuana after December 31, 2004. However, as discussed above, trial counsel ensured the jury was required to find explicitly that the money laundering occurred after December 31, 2004, and the jury made the required factual determination. The petitioner's disagreement with the jury's factual finding does not make the indictment invalid, and therefore, trial counsel was not deficient for failing to challenge the money laundering charge in count 3. The petitioner is not entitled to relief on this issue.

## III.      Qualifying, Predicate Felony

The petitioner asserts trial counsel was ineffective for failing to challenge the possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony charge when the indictment did not allege a proper qualifying, predicate felony. Because "conspiracy" is not included within the list of enumerated dangerous felonies, the petitioner contends trial counsel should have moved to dismiss the possession of a firearm charge. The State contends conspiracy to possess over 300 pounds of marijuana with intent to sell qualifies as a dangerous felony.

Tennessee Code Annotated section 39-17-1324(a) provides, "It is an offense to possess a firearm or antique firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony." The statute then specifies the offenses qualifying as "dangerous felonies," one of which is "[a] felony involving the sale, manufacture, distribution or possession with intent to sell, manufacture or distribute a controlled substance or controlled substance analogue defined in part 4 of this chapter[.]" *Id.* § 39-17-1324(i)(1)(L). In this case, the petitioner was convicted of possession of a firearm during the commission of a dangerous felony, to-wit: conspiracy to possess over 300 pounds of marijuana with intent to sell.

The petitioner's argument here is perplexing. He seems to contend that conspiracy to *possess* over 300 pounds of marijuana with *intent* to *sell*, a Class E *felony*, is not a "*felony* involving . . . *possession* with *intent* to *sell* . . . a controlled substance" as defined in Tennessee Code Annotated 39-17-1324(i)(1)(L) (emphasis added). We disagree. It is clear the indictment listed a qualifying, predicate felony as required, and accordingly, trial counsel was not deficient for failing to challenge the indictment. The petitioner is not entitled to relief on this issue.

Related to this argument, the petitioner also contends his conviction for possession of a firearm is void because the indictment fails to state a lawful accusation because conspiracy to possess over 300 pounds of marijuana with intent to sell is not listed as a qualifying, predicate felony in Tennessee Code Annotated 39-17-1324(i)(1)(A)-(M). As discussed above, conspiracy to possess over 300 pounds of marijuana with intent to sell clearly falls within the definition outlined in 39-17-1324(i)(1)(L). The petitioner is not entitled to relief on this issue.

## IV.    Lesser-Included Offense Jury Instructions

The petitioner argues trial counsel was ineffective for failing to request numerous lesser-included offense jury instructions. The petitioner contends trial counsel should have requested instructions for lesser-included offenses relative to the weight of the marijuana as well as an instruction for facilitation of the conspiracy charge. The State asserts trial counsel made the strategic decision not to request lesser-included offense instructions.

At the evidentiary hearing, trial counsel testified that he made a strategic decision not to request jury instructions for any lesser-included offenses. Because the petitioner was older and had several prior felony convictions, trial counsel knew a guilty verdict, even on a lesser-included offense, would effectively amount to a life sentence. Therefore, trial counsel chose to go with an "all or nothing" approach on the top counts.

As outlined above, trial counsel's testimony makes clear that he made a well-reasoned decision to go with an "all or nothing" approach and determined it best not to request the instructions for facilitation and the lesser weights for marijuana because the petitioner would receive an effective life sentence as a result of any convictions. Our supreme court has held that, "[f]ailing to request lesser-included offense instructions will not constitute deficient performance, however, if the decision was a matter of strategy." *Moore v. State*, 485 S.W.3d 411, 419 (Tenn. 2016) (citing *Goad*, 938, S.W.2d at 369). The petitioner has failed to show how trial counsel's strategy of an "all or nothing" defense amounted to deficient performance or how it prejudiced the outcome of his case. Accordingly, he is not entitled to relief on this issue.

## V.    Mens Rea

The petitioner argues trial counsel was ineffective for failing to challenge the jury instruction for possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony because the instruction included the incorrect mens rea and, therefore, lessened the State's burden. The State asserts the petitioner is not entitled to relief because the trial court issued the pattern jury instruction in effect at the time of the trial.

The trial court instructed the jury that, in order to convict the petitioner of possessing a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony, the State had to prove the petitioner (1) possessed a firearm; (2) with the intent to go armed during the commission of or attempt to commit a dangerous felony, to-wit: conspiracy to possess with intent to sell over 300 pounds of marijuana; and (3) the petitioner acted either intentionally, knowingly, or recklessly. Trial counsel did not object to the instruction or ask for the removal of the phrase "knowingly or recklessly."

At the evidentiary hearing, trial counsel testified that possession of a firearm with the intent to go armed has the mens rea element of intentionally, while employment of a firearm can be accomplished intentionally, knowingly, or recklessly. Trial counsel acknowledged that the jury instruction given in the petitioner's case included the incorrect mens rea of knowingly and recklessly and stated that he "should have caught it. I should

have asked the [j]udge to change the instruction, or at least preserved it for appeal.  I did none of those things."

Though trial counsel testified he should have asked the trial court to change the instruction, the trial court used the pattern jury instruction in effect at the time of the petitioner's trial.  "[C]ase law consistently grants deference to trial counsel when the failure to object to a jury instruction is grounded upon the trial court's instructing the jury in accordance with the pattern jury instructions."  *Maurice Johnson v. State*, No. W2014-01982-CCA-R3-PC, 2015 WL 5005765, *7 (Tenn. Crim. App. Aug. 21, 2015), *perm. app. denied* (Tenn. Dec. 10, 2015).  *See also Torrey L. Frazier v. State*, No. E2012-01751-CCA-R3-PC, 2013 WL 5964011, *11 (Tenn. Crim. App. Nov. 6, 2013) (finding trial counsel was not deficient in failing to object when the trial court instructed the jury in accordance with the pattern jury instructions), *perm. app. denied* (Tenn. May 14, 2014); *Christopher A. Davis v. State*, No. M2010-01045-CCA-R3-PD, 2012 WL 3679571, at *40 (Tenn. Crim. App. Aug. 24, 2012) (concluding trial counsel was not ineffective for failing to object to jury instructions that "mirrored the Tennessee Pattern Jury Instructions"), *perm. app. denied* (Tenn. Dec. 12, 2012).  Accordingly, we cannot conclude trial counsel performed deficiently in failing to object to the trial court's instruction.  The petitioner is not entitled to relief on this issue.[4]

## VI.  *Jacumin*

The petitioner asserts trial counsel was ineffective for failing to argue waiver when the State asked to review the *Jacumin* decision for the first time in its application for permission to appeal to the Tennessee Supreme Court.  According to the petitioner, if our supreme court had reviewed the search warrant in his case under the *Jacumin* analysis instead of the *Gates*[5] totality-of-the-circumstances analysis, the validity of the warrant would not have been upheld and his convictions would have been reversed.  The State contends trial counsel was not ineffective for failing to argue waiver because the State did not waive its argument regarding *Jacumin*.

Whether the State had previously asked for *Jacumin* to be reviewed is irrelevant.  Our supreme court, in granting the State's application for permission to appeal, ordered the parties to brief the question of "whether [the supreme court] should revisit the continuing

---

[4] Although trial counsel testified at the evidentiary hearing that he should have "preserved [this issue] for [direct] appeal," the petitioner did not challenge trial counsel's appellate performance regarding this issue in his petition or amended petition for post-conviction relief or in his brief in the instant appeal.  Accordingly, to the extent the petitioner argues trial counsel was ineffective for failing to raise this issue on direct appeal, this issue is waived.  Tenn. Code Ann. § 40-30-104(d); *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived.").

[5] *Illinois v. Gates*, 462 U.S. 213 (1983).

vitality of *State v. Jacumin*, 778 S.W.2d 430 (Tenn. 1989)." Additionally, once "an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991). "[A] court may consider an issue 'antecedent to . . . and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief." *U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America, et al.*, 508 U.S. 439, 447 (1993) (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990)). For the petitioner to suggest that his search warrant would have been analyzed under the former *Jacumin* standard if only trial counsel had argued waiver strains credulity. The petitioner is not entitled to relief on this issue.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's judgment denying the petitioner post-conviction relief.

_____
J. ROSS DYER, JUDGE